**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MANDEL MARTIN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-01330** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM</u>**

Before the court is Mandel Martin's Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255. (Doc. No. 1.) Martin seeks to vacate the sentence entered upon his 2005 criminal conviction in *United States v. Martin*, No. 3:03-cr-00044 (M.D. Tenn. Aug. 4, 2005),[1] under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. No. 1.) For the reasons set forth herein, the motion will be denied.

**I.        PROCEDURAL BACKGROUND**

The Indictment in the underlying criminal case charges that Martin committed two armed bank robberies on separate dates in 2003 about a month apart, both involving the use and display of a firearm, in violation of 18 U.S.C. § 2113(a) and (d). (Crim. Doc. No. 1.) Martin pleaded guilty to both charges in 2005 and was sentenced on August 4, 2005 to 188 months on each count, to run concurrently. (Crim. Doc. Nos. 52, 58.)

Prior to this conviction, Martin had pleaded guilty to a charge of federal armed bank

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

robbery in the Eastern District of Tennessee, Case No. CR-1-92-00142, in February 1993. (Doc. No. 9-2, at 1.) Both the Indictment and the Judgment in that case reflect that the defendant, in committing the offense, "did assault and put in jeopardy the lives of the tellers" by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d)." (Doc. No. 9-1, at 1; Doc. No. 9-2, at 1.) In addition, according to the PSR, Martin had a prior Tennessee conviction for aggravated robbery from 1994.

Because the predicate bank robbery convictions were deemed "crimes of violence" and because the defendant had at least two prior felony convictions that qualified as "crimes of violence," as that term was then defined by U.S.S.G. § 4B1.2(a), Martin acknowledged as part of his Plea Agreement that he was a career offender within the meaning of U.S.S.G. § 4B1.1. At sentencing, Judge William J. Haynes, Jr., retired, found him to be a career offender under the guidelines and sentenced him accordingly. Martin did not appeal his conviction or sentence.

In his present motion, Martin argues that he is entitled to resentencing under *Johnson v. United States*, which was made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In *Johnson*, the Supreme Court held that the portion of the ACCA defining a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555–56. Although Martin was not sentenced under the ACCA, he argues that his sentencing guideline range calculation and, therefore, his sentence are defective insofar as they were based on language then contained in § 4B1.2(a)(2) that was nearly identical to the ACCA's residual clause—referencing "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2003). More specifically, he claims that federal armed bank robbery only qualifies as a "crime of violence" under the residual clause of § 4B1.2, that *Johnson* applies to § 4B1.2, and that he is entitled to resentencing.

In its response, the government argues that (1) *Johnson* does not apply, or does not apply retroactively, to a claim based on the application of § 4B1.2; and (2) even if it did, the convictions for federal armed bank robbery qualify as crimes of violence without reliance on the residual clause in § 4B1.2(a)(2). (Doc. No. 9.) It also argues that Martin is barred by the terms of his Plea Agreement from bringing a § 2255 motion, as the agreement contained an enforceable waiver of his right to collaterally attack his sentence. In a Reply and Sur-reply, the parties dispute whether the waiver of the right to bring a collateral challenge to Martin's sentence is enforceable. (Doc. Nos. 10, 11.) As set forth below, the court finds that Martin is not entitled to relief, regardless of whether the waiver is enforceable.

## II.    LEGAL STANDARD

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

## III.    ANALYSIS

In May 2016, the Sixth Circuit held that the *Johnson* rationale applied with equal force to

the residual clause in U.S.S.G. § 4B1.2(a)(2). *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016). More recently, however, the Supreme Court held that the advisory sentencing guidelines are not subject to the vagueness challenge identified in *Johnson*, because, unlike the ACCA, "the advisory Guidelines do not fix the permissible range of sentences." *Beckles v. United States*, 137 S. Ct. 886, 892, 897 (2017), *abrogating United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). Martin was sentenced shortly after the issuance of *United States v. Booker*, 543 U.S. 220 (2005), in which the Supreme Court held that the federal sentencing guidelines are advisory rather than mandatory. His Petition to Enter a Plea of Guilty references *Booker* and explicitly recognizes the advisory nature of the guidelines. (*See* Crim. Doc. No. 52, at 1–2 ("Pursuant to the Supreme Court's holding in *United States v. Booker* . . . , the guidelines are 'advisory,' requiring the sentencing court only consider guidelines ranges but permitting it to tailor the sentence in light of other statutory concerns.").) Because it is clear that Martin was sentenced under the advisory guidelines, *Johnson* does not apply to his claim challenging § 4B1.2(a)(2) and does not supply a basis for reviewing Martin's untimely motion.

Regardless, it is also clear that federal armed bank robbery under 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence under the use-of-force clause of § 4B1.2(a)(1). Section 2113(a) makes it illegal to rob or attempt to rob a federally insured bank "by force and violence, or by intimidation." In addition, Section 2113(d) imposes an enhanced sentence on any person who, in the course of violating § 2113(a), "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." Martin pleaded guilty to violating subsections (a) and (d), thus admitting that he assaulted or put a person's life in jeopardy by using a dangerous weapon while committing bank robbery. He therefore necessarily engaged in conduct that had "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2003). Moreover, the Sixth Circuit has

held that violation of § 2113(a) alone qualifies categorically as a crime of violence. *See United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016) (finding that bank robbery by "force and violence" or by "intimidation" qualifies as a crime of violence for purposes of the career offender guideline). Thus, even considered on the merits, Martin's claims fail.

## IV.    CONCLUSION

Martin is not entitled to relief. Because *Johnson* does not apply to his claim, his challenge to his 2005 conviction is untimely by almost ten years. Even if the motion were timely, the residual clause in U.S.S.G. § 4B1.2(a)(2) is not unconstitutional and, in any event, the offense of federal armed bank robbery, which constituted both Martin's predicate and underlying offenses for purposes of the career offender guideline, qualifies as a crime of violence under the use-of-force clause of § 4B1.2(a)(1). Martin was appropriately sentenced as a career offender under U.S.S.G. § 4B1.1. His Motion to Vacate will be denied without a hearing.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court finds that Martin's claims do not warrant further attention, the court will deny a COA.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge